# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF KYLE PRZYSIECKI, by and through its administrators, MICHAEL PRZYSIECKI and VENUS ANGELIQUE HISAW; MICHAEL PRZYSIECKI, <br><br> Plaintiffs, <br> vs. <br> SHANNON DUANE EIFERT; COUNTY OF IMPERIAL; IMPERIAL COUNTY SHERIFF'S DEPARTMENT; U.S. BUREAU OF LAND MANAGEMENT; STATE OF CALIFORNIA DEPARTMENT OF PARKS AND RECREATION; CALIFORNIA HIGHWAY PATROL; and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO. 07cv39 WQH(RBB) <br><br> **ORDER** <br><br> (Doc. # 11) |

The matter before the Court is the "Motion to Dismiss Complaint Or, in the Alternative, for Summary Judgment" ("Motion to Dismiss"), filed by Defendant U.S. Bureau of Land Management ("BLM") on March 12, 2007. (Doc. # 11.) The BLM argues that it should be dismissed for multiple reasons, including that the Court lacks subject-matter jurisdiction over Plaintiff's Federal Tort Claims Act ("FTCA") claim against BLM.

"It is axiomatic that '[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden

of establishing the contrary rests upon the party asserting jurisdiction.'" *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts. The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity." *Id.* (citation omitted).

"The Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, waives the sovereign immunity of the United States for actions in tort. The Act vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees. However, the Act further provides that before an individual can file an action against the United States in district court, she must seek an administrative resolution of her claim." *Jerves v. U.S.*, 966 F.2d 517, 518-19 (9th Cir. 1992). The FTCA reads, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). As the Ninth Circuit has stated: "'The statutory procedure is clear.' A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." *Jerves*, 966 F.3d at 519 (quoting *Caton v. U.S.*, 495 F.2d 635, 638 (9th Cir. 1974)).

The Ninth Circuit has "repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly: 'This is particularly so since the [FTCA] waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States. Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court. It admits of no exceptions. Given the clarity of the statutory language, we cannot enlarge that consent to be sued which the Government, through Congress, has

undertaken so carefully to limit.'" *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (quoting *Jerves*, 966 F.2d at 521).

In this case, Plaintiffs presented an administrative claim to the BLM on October 24, 2006. (Compl. ¶ 22.) They then filed this suit on January 5, 2007, less than six months after presenting the claim. As of the date Plaintiffs filed suit, the BLM had not yet denied Plaintiff's claim. (Compl. ¶ 22.) Because Plaintiffs failed to comply with the requirements of the FTCA, this Court lacks subject-matter jurisdiction over Plaintiffs' claims against the BLM. *See* 28 U.S.C. § 2675(a); *see also Jerves*, 966 F.2d at 521.

Plaintiffs argue that because the BLM sent a denial letter to Plaintiffs on January 17, 2007, while this case was pending, it is "non-sensical" for this Court to now dismiss the claims against BLM and require Plaintiffs to refile. (Opp'n Mot. Dismiss at 6.) "Plaintiffs request that if the Court is not inclined to recognize that the BLM's exhaustion argument is moot, that Plaintiffs be granted leave to amend their complaint, rather than being forced to file a new suit, and later consolidate." (Opp'n Mot. Dismiss at 7.)

Plaintiffs' request is foreclosed by Ninth Circuit authority. In *Jerves*, the plaintiff presented an administrative claim with the Navy on August 8, 1989. *See Jerves*, 966 F.3d at 519. Without receiving a denial of her claim, plaintiff then filed suit on December 28, 1989, less than six months after she presented her claim. *See id.* On February 14, 1990, while her suit was pending, the Navy sent her a letter denying her claim. *See id.* The district court subsequently dismissed the suit. The Ninth Circuit held: "On these facts, the district acted correctly in dismissing her suit for lack of subject matter jurisdiction." *Id.* (citing *Caton*, 495 F.2d at 638).

The Motion to Dismiss (Doc. # 11) is **GRANTED**. Plaintiffs' claims against Defendant U.S. Bureau of Land Management only are **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

DATED: April 12, 2007

                    */s/ William Q. Hayes*
                    **WILLIAM Q. HAYES**
                    United States District Judge