1
2
3
4
5
6
7
8
9              **DISTRICT OF CALIFORNIA**
10
11  THE ESTATE OF KYLE PRZYSIECKI,              CASE NO. 07cv0039 WQH (RBB)
    by and through its administrators,
12  MICHAEL PRZYSIECKI and VENUS               **ORDER**
    ANGELIQUE HISAW; MICHAEL
13  PRZYSIECKI, an individual,
14                              Plaintiffs,
            vs.
15  SHANNON DUANE EIFERT; COUNTY
    OF IMPERIAL; IMPERIAL COUNTY
16  SHERIFF'S DEPARTMENT; UNITED
    STATES; STATE OF CALIFORNIA
17  DEPARTMENT OF PARKS AND
    RECREATION; CALIFORNIA
18  HIGHWAY PATROL; and DOES 1-50,
    inclusive,
19
                              Defendants.
20
21  HAYES, Judge:
22         The matter pending before the Court is the Motion to Dismiss Plaintiffs' First
23  Amended Complaint ("FAC") (Doc. # 32), filed by Defendant the United States.
24                              **Background**
25         Plaintiffs' action arises out of the death of Kyle Przysiecki, a 15 year old minor who
26  was killed in a motor vehicle collision on land owned by the United States Government.
27  *FAC*, ¶ 1. On January 5, 2007, Plaintiffs filed a Complaint against Defendants Shannon
28  Duane Eifert, County of Imperial, Imperial County Sheriff's Department, United States

1   Bureau of Land Management ("BLM"), State of California Department of Parks and

2   Recreation, California Highway Patrol and Does 1-50.  (Doc. # 1).  Plaintiffs' Complaint

3   alleges causes of action against the BLM pursuant to the Federal Tort Claims Act

4   ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, and 28 U.S.C. § 1983.

5        On March 12, 2007, the BLM filed a Motion to Dismiss the Complaint based, in

6   part, on Plaintiffs' failure to exhaust their administrative remedies by filing an

7   administrative claim with an appropriate federal agency prior to bringing their civil action

8   in federal court, as required by the FTCA.  (Doc. # 11).  In an Order filed on April 14,

9   2007, the Court dismissed Plaintiffs' causes of action against the BLM for lack of subject

10  matter jurisdiction.  (Doc. # 14).  The Court found that Plaintiffs presented an

11  administrative claim to the BLM on October 24, 2006 and filed suit in federal court on

12  January 5, 2007.  The Court determined that Plaintiffs failed to comply with the FTCA's

13  exhaustion requirements because they filed suit less than six months after presenting their

14  administrative claim with the BLM, and as of the date they filed suit, the BLM had not yet

15  denied Plaintiffs' claim.  *Id.; see FAC*, ¶ 22.  The Court granted BLM's Motion to Dismiss,

16  and dismissed Plaintiffs' claims against Defendant BLM without prejudice.  (Doc. # 14).

17       On July 9, 2007, after the BLM denied Plaintiffs' administrative claim, Plaintiffs

18  filed the FAC.  (Doc. # 28).  The FAC names the United States as a Defendant, and alleges

19  causes of action against the United States pursuant to the FTCA and 28 U.S.C. § 1983.

20       On July 30, 2007, the United States filed the Motion to Dismiss the FAC, pursuant

21  to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  The United States

22  moves to dismiss Plaintiffs' FTCA claims on grounds that this Court lacks subject matter

23  jurisdiction because the case was originally filed before Plaintiffs exhausted their

24  administrative remedies as required by the FTCA.  The United States moves to dismiss

25  Plaintiffs' § 1983 claims on grounds that it is not a proper party to a claim brought under 42

26  U.S.C. § 1983.

27                            **Standard of Review**

28       A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may

attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989). The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over its claims. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

<u>Discussion</u>

**I. Plaintiffs' FTCA Claims.**

The United States moves to dismiss Plaintiffs' FTCA claims against the United States on grounds that the Court lacks subject matter jurisdiction. *Mot. to Dismiss,* p. 3. The United States contends that Plaintiffs filed their original Complaint before they exhausted their administrative remedies as required by the FTCA, and that Plaintiffs have not "cured" this jurisdictional defect by amending their original Complaint to add the United States as a new FTCA defendant after exhausting their administrative remedies. *Id.* at 5. The United States contends that the FAC does not constitute a new action. The United States contends that if Plaintiffs wish to litigate their FTCA claims against the United States, they must file a new suit. *Id.*

Plaintiffs contend that the Court has subject matter jurisdiction over their FTCA claims against the United States. Plaintiffs do not dispute that the original Complaint was premature because it was filed prior to the exhaustion of their administrative remedies. Plaintiffs contend that the FAC alleges a "new" FTCA action against a "new" defendant, and therefore constitutes new lawsuit. *Opposition to Mot. to Dismiss,* p. 3. Since the FAC named the United States as a Defendant for the first time and satisfied the jurisdictional requirement that administrative remedies be exhausted, Plaintiffs contend it is the functional equivalent of a new complaint. *Id.* at 5-6.

The United States, as a sovereign, can only be sued to the extent it waives its sovereign immunity and consents to be sued. *United States v. Dalm,* 494 U.S. 596, 608 (1990). Pursuant to the FTCA, a jurisdictional prerequisite to bringing a lawsuit in federal court against the United States in tort is the filing of an administrative claim with the

appropriate federal agency.  28 U.S.C. § 2675(a); *Jerves v. U.S.,* 966 F.2d 517, 518-19 (9th Cir. 1992).  Once the administrative claim has been filed, the federal agency has six months to act.  28 U.S.C. § 2675(a).  The claimant can file a civil suit under the FTCA only after the agency either denies the claim in writing or fails to make a final disposition of the claim within six months after it is filed.  *Id.*  Thus, "'[t]he statutory procedure is clear.'  A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made."  *Jerves,* 966 F.2d at 519.

A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed.  *McNeil v. U.S.,* 508 U.S. 106, 113 (1993).  As a general rule, a premature complaint cannot be cured through amendment, but instead the claimant must file a new suit.[1]  *Duplan v. U.S.,* 188 F.3d 1195, 1199 (10th Cir. 1999) (citing *Sparrow v. USPS,* 823 F. Supp. 252, 254-55 (E.D. Cal. 1993).  "Allowing claimants generally to bring a new suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system."  *Duplan,* 188 F.3d at 1199.

A premature complaint may not be cured by amending the complaint to add the United States as a new FTCA defendant after the administrative exhaustion period has expired.  *See Gaerman v. F.B.I.,* 2003 U.S. Dist. LEXIS 25611 (C.A.O.D. 2003), *aff'g* 2005 U.S. App. LEXIS 10926 (9th Cir. 2005); *Hines v. New York,* 1996 U.S. Dist. LEXIS

---

[1] Plaintiffs rely on several cases where courts have allowed parties to file amended complaints containing FTCA claims despite the initial premature filing of their original complaints.  *See Duplan,* 188 F.3d at 1199-1200; *Positive Black Talk, Inc. v. Cash Money Records, Inc.,* 394 F.3d 257, 266-67 (5th Cir. 2004); *Filaski v. U.S.,* 776 F. Supp. 115, 118 (E.D.N.Y. 1991).  However, these cases are distinguishable.  In *Duplan,* the parties and the court expressly agreed to treat the amended complaint as a new suit.  188 F.2d at 1199-2000.  Here, Plaintiffs have not alleged any similar agreement.  In *Filaski,* the plaintiff was excusably ignorant to the federal presence in his case at the time he commenced his civil action.  776 F. Supp. 117.  Here, Plaintiffs were not ignorant to the federal presence in their case as evidenced by the fact that they commenced their administrative claim as required by the FTCA prior to filing their civil suit.  Finally, *Positive Black Talk* did not involve claims under the FTCA.

18172 (S.D.N.Y.).  For example, in *Gaerman,* plaintiffs filed a premature suit under the FTCA against individual defendants and the FBI.  Plaintiffs sought to amend their complaint to add the United States as a defendant after the administrative exhaustion period expired.  Despite the United States being added as a new defendant, the court dismissed plaintiffs' FTCA claims, holding that plaintiffs' premature complaint "cannot be cured by amendment, but instead, plaintiff must file a new suit."  2003 U.S. Dist. LEXIS 25611.

Plaintiffs filed the original Complaint on January 5, 2007, less than six months after presenting an administrative claim to the BLM, and prior to the BLM's denial of Plaintiffs' claim.  *FAC,* ¶ 22.  Therefore, the original Complaint was premature and the Court did not have subject matter jurisdiction over Plaintiffs' FTCA claims.  By amending the original Complaint to add the United States as a new FTCA defendant after exhausting their administrative remedies, Plaintiffs have not cured the jurisdictional defect created by the premature filing of the original Complaint.  *See Gaerman,* 2003 U.S. Dist. LEXIS 25611.  To permit Plaintiffs' premature filing of an FTCA action to be cured by filing an amended complaint after Plaintiffs exhausted their administrative remedies would be inconsistent with case law and the rationale behind the jurisdictional prerequisite mandated by the FTCA.  Plaintiffs must commence a new suit in order for the Court to have subject matter jurisdiction over their FTCA claims against the United States, which they have not done.  The FAC is not the equivalent of commencing a new suit.  The Court finds that Plaintiffs have failed to meet their burden of proving that this Court has subject matter jurisdiction over their claims against the United States brought under the FTCA.  The United States' Motion to Dismiss Plaintiffs' FTCA claims against the United States is **GRANTED.**

**II.  Plaintiffs' § 1983 Claim.**

The United States contends that Plaintiffs' section 1983 claim should be dismissed on grounds that the United States is not a proper party to an action brought under 42 U.S.C. § 1983, and that Plaintiffs failed to oppose the United States' Motion to Dismiss this claim. *Mot. to Dismiss,* p. 7; *Reply in Opposition to Mot. to Dismiss,* p. 5.

The United States is not a proper defendant in an action brought under 42 U.S.C. §

1  1983.  *Accardi v. United States,* 435 F.2d 1239, 1240 (3d Cir. 1970); *accord Fixel v. United*

2  *States,* 1991 U.S. App. LEXIS 18366.  Plaintiffs do not oppose the Motion to Dismiss their

3  section 1983 claim against the United States.  The United States' Motion to Dismiss

4  Plaintiffs' section 1983 claim against the United States is **GRANTED.**

5  <u>Conclusion</u>

6       IT IS HEREBY ORDERED that the Motion to Dismiss Plaintiffs' FAC (Doc. # 32),

7  filed by the United States is **GRANTED**.  Plaintiffs's claims against Defendant United

8  States are **DISMISSED**.

9  DATED:  November 2, 2007

10  *William Q. Hayes*

11  **WILLIAM Q. HAYES**
United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28