1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| THE ESTATE OF KYLE PRYZSIECKI, by and through its administrators, MICHAEL PRYZSIECKI and VENUS ANGELIQUE HISAW; MICHAEL PRYZSIECKI, an individual,<br><br>                                   Plaintiffs,<br><br>          vs.<br><br>SHANNON DUANE EIFERT; COUNTY OF IMPERIAL; IMPERIAL COUNTY SHERIFF'S DEPARTMENT; UNITED STATES; STATE OF CALIFORNIA DEPARTMENT OF PARKS AND RECREATION; CALIFORNIA HIGHWAY PATROL; and DOES 1-50, inclusive,<br><br>                                   Defendants. | CASE NO. 07cv39 WQH (RBB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the "Motion to Join as Intervenor as Matter of Right by Plaintiff Venus Angelique Hisaw, as an individual Plaintiff, and as co-administrator of the estate of Kyle Pryzsiecki." (Doc. # 46).

### Background

This action arises out of the death of Kyle Pryzsiecki, a 15 year old minor who was killed in a motor vehicle collision. On January 5, 2007, the law firm of Avila & Peros, LLP, on behalf of the Estate of Kyle Pryzsiecki ("Estate"), by and through its administrators Michael Pryzsiecki and Venus Angelique Hisaw, and Michael Pryzsiecki, an

1    individual, filed a complaint against Shannon Duane Eifert, County of Imperial, Imperial

2    County Sheriff's Department, the United States Bureau of Land Management, the State of

3    California Department of Parks and Recreation, the California Highway Patrol, and Does 1-

4    50.  (Doc. # 1).  The complaint alleges causes of action for (1) negligence, (2) premises

5    liability, (3) deprivation of civil rights, in violation of 42 U.S.C. section 1983, (4) wrongful

6    death, in violation of California Code of Civil Procedure section 377.60, and (5) survival,

7    pursuant to California Code of Civil Procedure section 377.20.  The complaint seeks

8    special and compensatory damages to be awarded to the Estate and to Plaintiff Michael

9    Pryzsiecki as an individual.

10          On October 29, 2007, Hisaw, proceeding pro se, filed the "Motion to Join as

11   Intervenor as a Matter of Right by Plaintiff Venus Angelique Hisaw, as an individual

12   Plaintiff, and as co-administrator of the estate of Kyle Pryzsiecki" ("Motion to Intervene"),

13   pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.  (Doc. # 46).  Hisaw seeks

14   to intervene in the action as an individual Plaintiff and as co-administrator of the Estate.

15   Hisaw contends that the Motion to Intervene was timely filed; that the adjudication of the

16   Estate will affect her interests as co-administrator of the Estate and as an individual

17   Plaintiff; and that the existing parties to the action do not adequately represent her interests.

18   *Mot. for Intervenor,* p. 5-7.  Hisaw asserts that a legal conflict exists between her and

19   Plaintiff Michael Pryzsiecki based upon the likelihood of a dispute amongst them regarding

20   the distribution of any damages awarded in this action.  *Id.* at 6-7.

21          Defendants do not oppose the Motion to Intervene.[1]

22                          **Applicable Law**

23          Rule 24(a) of the Federal Rules of Civil Procedure provides:

24          Upon timely application anyone shall be permitted to intervene in an action
            . . . (2) when an applicant's claim or defense and the main action have a question
25          of law or fact in common. . . .   In exercising its discretion the court shall

26   _____

27          [1] On October 30, 2007, Defendant the United States filed a Response in Opposition to the
     Motion to Intervene. (Doc. # 47).  However, the United States did not oppose the merits of the Motion;
     it opposed the Motion on grounds that the Court does not have subject matter jurisdiction over the
28   United States.  The United States' Response is moot because on November 2, 2007, the Court
     dismissed all claims against the United States in this action.  (Doc. # 49).

consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. § 24(a). To intervene as of right under Rule 24(a), the proposed intervenor must show that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. City of Los Angeles,* 288 F. 3d 391, 397 (9th Cir. 2002). "The court interprets [Rule 24] broadly in favor of intervention." *Forest Conservation Council v. United States Forest Serv.,* 66 F.3d 1489, 1493 (9th Cir. 1995).

Timeliness is a threshold requirement for intervention as of right. *United States v. Oregon,* 913 F.2d 576, 588 (9th Cir. 1990). Courts weigh three factors when determining the timeliness of a motion to intervene: "(1) the stage of the proceeding at which the applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay." *Cal. Dep't of Toxic Substances Control v. Commercial Realty Project,* 309 F.3d 1113, 1119 (9th Cir. 2002). The requirement that the proposed intervenor have a significant protectable interest relating to the subject of the action is generally satisfied if (1) "the interest is protected by law;" and (2) "there is a relationship between the legally protected interest and the plaintiff's claims." *United States v. Alisal Water Corp.,* 370 F.3d 915, 919 (9th Cir. 2004). The requirement that the disposition of the action impair the proposed intervenor's interest is generally satisfied "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action." *Southwest Center for Biological Diversity v. Berg,* 268 F.3d 810, 822 (9th Cir. 2001). Finally, courts weigh three factors in determining the adequacy of representation: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano,* 324 F.3d 1078, 1087 (9th Cir. 2003). This requirement is "satisfied if the applicant shows that

1   the representation of his interest may be adequate; and the burden of making that showing

2   should be treated as minimal." *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10

3   (1972) (internal quotations omitted).

4                                          **Ruling of the Court**

5          Hisaw moves to intervene "as an individual Plaintiff, and as co-administrator of the

6   Estate." *Mot. To Intervene,* p. 3.  The Motion to Intervene was timely filed.  The Court

7   finds that Hisaw, in her individual capacity, has a significant protectable interest relating to

8   the subject of the action because she may be legally entitled to a portion of any damages

9   awarded.  The Court further finds that the outcome of this suit may impair Hisaw's ability

10  to protect her interest as an individual Plaintiff because she may be precluded from raising

11  any issues or claims adjudicated in this action in a subsequent action.  Finally, the Court

12  finds that the existing parties may not adequately represent Hisaw's interests as an

13  individual Plaintiff because her interests may be adverse to those of individual Plaintiff

14  Michael Pryzsiecki with regard to the allocation of any award to which they are legally

15  entitled.  The Court concludes that Hisaw's intervention in this action as an individual

16  Plaintiff representing herself pro se is appropriate.

17         The complaint, filed by the law firm Avila & Peros, LLP, specifically names both

18  Hisaw and Michael Pryzsiecki as administrators of the Estate.  Furthermore, the caption in

19  every pleading filed in this case names both Hisaw and Michael Pryzsiecki as

20  administrators of the Estate.  *See e.g.,* Doc. # 1, 16,  28, 33.  The Court concludes that

21  Hisaw's Motion to Intervene as co-administrator of the Estate is moot because Hisaw is

22  already a party to this action as the co-administrator of the Estate, represented by the law

23  firm Avila & Peros, LLP.

24         IT IS HEREBY ORDERED that the Motion to Join as Intervenor as Matter of Right

25  by Plaintiff Venus Angelique Hisaw (Doc. # 46), as an individual Plaintiff representing

26  herself pro se is **GRANTED**, and as co-administrator of the estate of Kyle Pryzsiecki,

27  represented by the law firm Avila & Peros, LLP is **DENIED** as moot.  The parties to this

28  action are as follows: (1) the Estate of Kyle Pryzsiecki, by and through its administrators

1  Michael Pryzsiecki and Venus Angelique Hisaw, represented by the law firm Avila &

2  Peros, LLP, (2) Michael Pryzsiecki, an individual, represented by the law firm Avila &

3  Peros, LLP, and (3) Venus Angelique Hisaw, representing herself pro se.

4  DATED:  December 4, 2007

5  

6  **WILLIAM Q. HAYES**
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28