UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF KYLE PRZYSIECKI, et al., <br><br> Plaintiff, <br> vs. <br> SHANNON DUANE EIFERT, et al., <br><br> Defendant. | CASE NO. 07cv39 WQH (RBB) <br><br> **ORDER** |

HAYES, Judge:

The matters before the Court are two Motions to Withdraw as Counsel filed by Plaintiffs' Attorneys. (Docs. # 92, 94).

**BACKGROUND**

Plaintiffs' action arises out of the death of Kyle Przysiecki, a 15-year-old boy who was killed in a motor vehicle collision. On January 5, 2007 Plaintiff Michael Przysiecki, the deceased's father, acting on his own behalf and in his capacity as the administrator of his son's estate, and Plaintiff Venus Hicksaw, the deceased's mother, acting in her capacity as an administrator of her son's estate, initiated this action by filing the complaint. (Doc. # 1). On December 4, 2007, the Court granted Plaintiff Venus Hisaw's Motion to Intervene on her own behalf. (Doc. # 53). The Estate of Kyle Przysiecki ("the Estate"), Michael Przysiecki and Venus Hisaw are all represented by the law firm of Alvila & Peros, LLP.

On October 29, 2009, Alvila & Peros filed a First Amended Motion to Withdraw as

1  Counsel ("Motion to Withdraw"). (Doc. # 92). In the Motion to Withdraw, Alvila & Peros
2  requests permission to withdraw from representing the Estate and Venus Hisaw because of a
3  conflict of interest. *Id.* On November 4, 2009, Alvila & Peros filed its second Motion to
4  Withdraw as Counsel ("Motion to Remove Attorneys") seeking to remove three attorneys from
5  the docket who are currently listed as representing Plaintiffs because those attorneys have left
6  the firm. (Doc. # 94).

## ANALYSIS

**1.  Motion to Withdraw**

The Motion to Withdraw contends a settlement agreement was reached in principle, but that Avila & Peros was "unable to secure the signature of [Venus Hisaw] on the release agreements." (Doc. # 92-2 at 3). The Declaration of Michael Avila, attached to the motion, states that the firm is "on the opposite side of a legal dispute" with Venus Hisaw, which creates a conflict of interest requiring the firm to withdraw from representing her and the Estate, in which she has an interest. (Doc. # 92-3 at 2).

In the Southern District of California, Local Civil Rule 83.4 requires counsel "comply with the standards of professional conduct required of members of the State Bar of California . . . which are now adopted as standards of professional conduct of this court." Local Civil Rule 83.4 also states "[t]his specification will not be interpreted to be exhaustive of the standards of conduct," and references the model rules of the American Bar Association ("ABA"). Finally, even in the absence of a specific applicable rule, "[n]o attorney permitted to practice before this court will engage in any conduct which degrades or impugns the integrity of the court or in any manner interferes with the administration of justice within the Court." *Id.*

California Rule of Professional Conduct 3-700 provides:

 Rule 3-700 Termination of Employment
(A) In General.
(1) If permission for termination of employment is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission.

(2) A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the

client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules. . . .

(C) Permissive Withdrawal.
[If the mandatory withdrawal provisions of 3-700(B) are inapplicable,] a member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:

(1) The client
(a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or
(b) seeks to pursue an illegal course of conduct, or
(c) insists that the member pursue a course of conduct that is illegal or that is prohibited under these rules or the State Bar Act, or
(d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or
(e) insists, in a matter not pending before a tribunal, that the member engage in conduct that is contrary to the judgment and advice of the member but not prohibited under these rules or the State Bar Act, or
(f) breaches an agreement or obligation to the member as to expenses or fees.

(2) The continued employment is likely to result in a violation of these rules or of the State Bar Act; or

(3) The inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal; or

(4) The member's mental or physical condition renders it difficult for the member to carry out the employment effectively; or

(5) The client knowingly and freely assents to termination of the employment; or

(6) The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

The ABA's Model Rule of Professional Conduct 1.7(a) provides: "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: . . . there is a significant risk that the representation of one or more clients will be materially limited . . . by a personal interest of the lawyer."

Avila & Peros has demonstrated that continuing to represent Venus Hisaw would be "unreasonably difficult," which permits the firm to withdraw from representing her under the California Rules of Professional Conduct.  Avila & Peros has also shown that there is a "significant risk" that their continued representation of Venus Hisaw would be "materially

limited" by personal interests of the firm, which requires the firm to withdraw under the ABA's Model Rules of Professional Conduct. The Court therefore grants the Motion to Withdraw from representing Venus Hisaw.

However, if Avila & Peros withdraws from representing the Estate, the Estate will not have representation and cannot maintain this action. Estates may not proceed *pro se* in federal court. *See, e.g.*, *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664-65 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.") (citing 28 U.S.C. § 1654). Even where a law firm has a conflict of interest, the California Rules of Professional Conduct forbid withdrawal until the firm "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." *See* California Rule of Professional Conduct 3-700(A)(2). The Court therefore denies the Motion to Withdraw from representing the Estate of Kyle Przysiecki without prejudice.

**2.     Motion to Remove Attorneys**

The Motion to Remove Attorneys seeks to remove three attorneys who are no longer associated with the law firm of Avila & Peros as counsel for all Plaintiffs. (Doc. # 94-2). The motion contends John P. Kristensen, Daniel A. Desoto, and John T. Lupton have relocated to different law firms and "new geographical locations" and are no longer working on this action. *Id.* at 4. The motion contends Michael Avila became the primary attorney on the case after Kristensen, Desoto, and Lupton left Avila & Peros and that no prejudice to the clients has occurred as a result of this change. *Id.* The motion contends that the change of counsel complied with the California Rules of Professional Conduct. *Id.* at 3-4.

The Court concludes that these three attorneys are permitted to withdraw from representing all Plaintiffs.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's counsel's Motion to Withdraw (Doc. # 92) is **GRANTED IN PART and DENIED IN PART**.  The law firm of Avila & Peros may withdraw from representing Plaintiff Venus Hisaw, but may not withdraw from representing

1  the Estate of Kyle Przysiecki based upon the record before this Court. Plaintiff's Motion to
2  Remove Attorneys (Doc. # 94) is **GRANTED.** John P. Kristensen, Daniel A. Desoto, and
3  John T. Lupton may withdraw as counsel for all Plaintiffs. The Clerk of the Court shall amend
4  the docket to reflect these changes.

5      IT IS FURTHER ORDERED that **Plaintiff Venus Hisaw must notify the Court**
6  **within 60 days** of the date of this order whether she has secured new counsel or whether she
7  intends to proceed *pro se*. The Clerk of the Court shall mail a copy of this order to Plaintiff
8  Venus Hisaw.

9  DATED: January 6, 2010

                              */s/ William Q. Hayes*
                             **WILLIAM Q. HAYES**
                             United States District Judge